TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01586-001-PHX-SMB |
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| Jacob Leonardo Hernandez, | |
| Defendant. | |

Defendant Jacob Leonardo Hernandez ("Defendant" or "Hernandez") pleaded guilty to Count 1, Material False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of three years' probation.

The United States has no legal objections or factual corrections to the Presentence Report ("PSR"). (Doc. 26.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 10 and Criminal History Category I. PSR at ¶¶ 22 and 27, resulting in a Guidelines range of 6-12 months' imprisonment. This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant Hernandez on September 24, 2024. On February 27, 2025, Defendant pleaded guilty to Count 1 of the Indictment, Material False Statement

During the Purchase of a Firearm, in violation of 18 United States Code § 922(a)(6). (Doc. 22.)  The relevant facts are set forth in the plea agreement and PSR.

## II.  UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Hernandez receive a sentence of probation.  There are no counts to be dismissed.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that probation for Defendant Hernandez is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.  Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Hernandez's offense are concerning.  Purchasing firearms without being completely truthful on the ATF Form 4473 is concerning.  Buying a firearm, especially an FN M249S[1] - a 17 pound with either a 30

---

[1] The FN M249S®, a semi-automatic version of the M249 SAW light machine gun, was originally developed by FN Herstal as the FN MINIMI® and adopted by the U.S. military in 1988. The rifle features the signature 18.5-inch FN cold hammer-forged, chrome-lined barrel and operates from a closed-bolt position. Chambered in 5.56x45mm

round magazine or 200 round belt fed, semi-automatic rifle, which is highly sought after by the cartel – for another person that ATF has not been able to vet is dangerous, because that makes it difficult to track the weapon. However, Defendant Hernandez only purchased one firearm (although there is no way to know if he would have continued to purchase firearms for others had the FFL not called ATF), and he has remained law abiding while on pretrial release (although the marijuana use is concerning). These factors weigh in favor of the recommendation herein.

### 2.    Defendant's History and Characteristics

Defendant Hernandez's history and characteristics weigh in favor of a probation sentence. Defendant Hernandez was relatively young when the crime was committed, and he is gainfully employed (although it is someone concerning that Hernandez has held six jobs in four years). Defendant Hernandez has no prior felony convictions and strong family support.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant Hernandez's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, probation is appropriate for this individual.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, it appears Defendant Hernandez has been deterred from engaging in further criminal activity. The government is optimistic that a felony conviction will be a specific deterrent from future criminal activity.

---

NATO, the rifle will accept both magazine and linked ammunition belt. https://fnamerica.com/products/rifles/fn-m249s/

- 3 -

The need for deterrence also extends beyond preventing recidivism by just a specific defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Here, other people should be deterred from committing a similar crime based on Defendant Hernandez's conviction and him law-abiding conduct.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant Hernandez's contact with the criminal justice system and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Hernandez.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant Hernandez with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  While Defendant Hernandez is on probation, he can receive training and assistance regarding vocational skills and employment opportunities, if necessary.

### III. CONCLUSION

The United States recommends that Defendant Hernandez receive a three-year sentence of probation.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 13th day of May, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Diego Rodriguez
Counsel for Defendant Jacob Hernandez


*s/ J. Schesnol*
U.S. Attorney's Office